Pascal H. Goddard (No. 11495)
**ARIZONA SENIOR CITIZENS LAW PROJECT**
4146 North 12th Street
Phoenix, Arizona  85014
(602) 252-6710
seniorlw@mindspring.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALVARO MARTINEZ and SONIA MARTINEZ, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>DOMINO'S PIZZA, a Michigan Corporation licensed to do Business in Arizona,<br><br>    Defendant. | ) ) ) Case No.<br>) )<br>) ) **COMPLAINT**<br>) )<br>) )<br>) )<br>) )<br>) |

The Plaintiffs, Alvaro and Sonia Martinez, husband and wife, for their Complaint against the Defendant, Domino's Pizza, a Michigan corporation licensed to do business in Arizona, allege as follows.

<u>Jurisdiction and Venue</u>

I.

The Plaintiffs at all relevant times were and are residents of Maricopa County, Arizona.  The Defendant, at all relevant times, was and is a Michigan Corporation licensed to do business in Arizona.

II.

On or about September 1, 2013, Plaintiff Alvaro Martinez (hereinafter "Alvaro"), was employed by the Defendant, Domino's Pizza, as a Pizza Delivery Expert and was continuously employed by the Defendant as such

1

after that time. As is alleged further as follows, the Defendant perpetrated discrimination against Alvaro in the course of that employment.

III.

On or about February 5, 2018, Alvaro filed a charge with the Equal Employment Opportunity Commission (EEOC) for discrimination in employment. Alvaro was terminated from his employment on February 7, 2018. On or about April 24, 2018, the EEOC issued a right to sue letter to Alvaro granting him the right to sue the Defendant in Federal Court.

IV.

This court has jurisdiction pursuant to 42 USC § 2000e-5 and 42 USC § 12117.

V.

Venue lies in the United States District Court of Arizona pursuant to 42 USC § 2000e-5 (f) (3) and 42 USC § 12117.

General Allegations

VI.

Alvaro was born on October 1, 1938.

VII.

Alvaro experiences severe back pain. As a result of this condition, he cannot lift heavy objects.

VIII.

Alvaro requested reasonable accommodation for his condition. He was, however, forced to lift heavy bags containing pizza materials that caused his back pain to worsen. Other employees were not asked to lift the heavy bags or to dispose of the garbage, a job that also required

2

heavy lifting.  Unlike the other employees, Alvaro was required to perform all of these tasks.   In addition, his work time and take home pay were reduced to amounts of less than one-half of what they were formerly. A new management team brought in by new owners was the cause of these measures.

IX.

Alvaro's race is Asian.

X.

Alvaro's national origin is Filipino.

XI.

Alvaro age is seventy-nine years.

Count I

(Violation of 42 USC § 12112, <u>et seq.</u> - Disability Discrimination)

XII.

The Plaintiffs incorporate by reference the allegations contained in Paragraphs I-XI of this Complaint.

XIII.

Pursuant to 42 USC § 12112 (a), it is unlawful for a covered entity to discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement or discharge of the employee, employee compensation, and other terms, conditions and privileges of employment. The Defendant committed willful violation of this statute. Alvaro was able to perform acceptably at his position with accommodation. He was, however, forced to lift heavy bags containing pizza materials that caused his back pain to worsen.  Other employees were not asked to lift the heavy bags or to dispose of the garbage, a job that also required

3

heavy lifting. Unlike the other employees, Alvaro was required to perform all of these tasks. In addition, his work time and take home pay were reduced to amounts of less than one-half of what they were formerly. No rational basis for this conduct by the Defendant toward Alvaro exists except for discrimination on the basis of disability.

WHEREFORE, the Plaintiffs request the following relief against the Defendant from this Court:

1.   Liquidated damages for the wages unpaid because of the discriminatory acts in an amount of not less than $15,000.00.

2.   Interest accruing on such sums as the Plaintiffs are found to be entitled to as are liquidated at the rate of ten (10) percent per annum from the date each such sum becomes payable until paid in full.

3.   Reasonable attorney's fees and costs incurred by the Plaintiffs.

4.   For such other and further relief as the Court deems just.

Count II

(Violation of 42 USC § 12112, <u>et seq.</u> – Race Discrimination)

XIV.

The Plaintiffs incorporate by reference the allegations contained in Paragraphs I-XIII of this Complaint

XV.

Pursuant to 42 USC § 12112 (a), it is unlawful for a covered entity to discriminate against a qualified individual with a disability because of the race of such individual in regard to job application procedures, the hiring, advancement or discharge of the employee, employee compensation, and other terms, conditions and privileges of employment. Domino's Pizza committed willful violation of this statute. Alvaro is

4

an Asian.  Only a small number of the other employees were of non-white minorities.  Alvaro was able to perform acceptably at his position with accommodation.  He was, however, forced to lift heavy bags containing pizza materials and to dispose of garbage, which caused his back pain to worsen.  Other employees were not asked to lift the heavy bags or to dispose of the garbage, a job that also required heavy lifting.  Unlike the other employees, Alvaro was required to perform all of these tasks.  In addition, his work time and take home pay were reduced to amounts of less than one-half of what they were formerly.  No rational basis for this conduct by the Defendant toward Alvaro exists except for discrimination on the basis of race.

WHEREFORE, the Plaintiffs request the following relief against the Defendant from this Court:

1.    Liquidated damages for the wages unpaid because of the discriminatory acts in an amount of not less than $15,000.00.

2.    Interest accruing on such sums as the Plaintiffs are found to be entitled to as are liquidated at the rate of ten (10) percent per annum from the date each such sum becomes payable until paid in full.

3.  Reasonable attorney's fees and costs incurred by the Plaintiffs.

4.  For such other and further relief as the Court deems just.

(Violation of 42 USC § 12112, et seq. – National Origin Discrimination)

XVI.

Pursuant to 42 USC § 12112 (a), it is unlawful for a covered entity to discriminate against a qualified individual because of the national origin of such individual in regard to job application procedures, the hiring, advancement or discharge of the employee, employee compensation,

and other terms, conditions and privileges of employment. The Defendant committed willful violation of this statute. Alvaro was able to perform acceptably at his position with accommodation. He was, however, forced to lift heavy bags containing pizza materials that caused his back pain to worsen. Other employees were not asked to lift the heavy bags or to dispose of the garbage, a job that also required heavy lifting. Unlike the other employees, Alvaro was required to perform all of these tasks. In addition, his work time and take home pay were reduced to amounts of less than one-half of what they were formerly. Alvaro is a Filipino. No other employees were Filipino and only a small number of the other employees were of alternative national origin. No rational basis for this conduct by the Defendant toward Alvaro exists except for discrimination on the basis of national origin.

WHEREFORE, the Plaintiffs request the following relief against the Defendant from this Court:

1.   Liquidated damages for the wages unpaid because of the discriminatory acts in an amount of not less than $15,000.00.

2.   Interest accruing on such sums as the Plaintiffs are found to be entitled to as are liquidated at the rate of ten (10) percent per annum from the date each such sum becomes payable until paid in full.

3.   Reasonable attorney's fees and costs incurred by the Plaintiffs.

4.   For such other and further relief as the Court deems just.

(Violation of 42 USC § 12112, et seq. – Age Discrimination)

Count III

The Plaintiffs incorporate by reference the allegations contained in Paragraphs I-XVI of this Complaint.

6

XVII.

Pursuant to 42 USC § 12112 (a), it is unlawful for a covered entity to discriminate against a qualified individual with a disability because of the age of such individual in regard to job application procedures, the hiring, advancement or discharge of the employee, employee compensation, and other terms, conditions and privileges of employment. Domino's Pizza committed willful violation of this statute. Alvaro is seventy-nine years of age.  No other employee is of the same age or even close.  Most of the employees are under thirty years of age.  These other employees were not asked to lift the heavy bags or to dispose of the garbage, a job that also required heavy lifting. Unlike the other employees, Alvaro was required to perform all of these tasks.  In addition, his work time and take home pay were reduced to amounts of less than one-half of what they were formerly.  No reasonable accommodation was made for his back pain.  No rational basis for this conduct by the Defendant toward Alvaro exists except for discrimination on the basis of age.

WHEREFORE, the Plaintiffs request the following relief against the Defendant from this Court:

1.   Liquidated damages for the wages unpaid because of the discriminatory acts in an amount of not less than $15,000.00.

2.   Interest accruing on such sums as the Plaintiffs are found to be entitled to as are liquidated at the rate of ten (10) percent per annum from the date each such sum becomes payable until paid in full.

3.  Reasonable attorney's fees and costs incurred by the Plaintiffs.

4.  For such other and further relief as the Court deems just.

(Violation of 42 USC § 12112, et seq. - Reasonable Accommodation)

7

Count IV

XVIII.

The Plaintiffs incorporate by reference the allegations contained in Paragraphs I-XVII of this Complaint.

XIX.

Pursuant to 42 USC § 12112 (b) 5 (A), it is unlawful for a covered entity to discriminate against a qualified individual with a disability by not making reasonable accommodations to the known physical or mental disabilities of an otherwise qualified individual who is an applicant or employee.  The Defendants committed willful violation of this statute. No undue hardship would have been imposed on the Defendant in making reasonable accommodations for the Plaintiff's disability.  The failure and refusal of Defendant to continue Alvaro's employment with reasonable accommodation is a violation of this statute. The Plaintiff requested reasonable accommodation for his condition.  He was, however, forced to lift heavy bags containing pizza materials that caused his back pain to worsen. Other employees were not asked to lift the heavy bags or to dispose of the garbage, a job that also required heavy lifting.  Unlike the other employees, Alvaro was required to perform all of these tasks.  In addition, his work time and take home pay were reduced to amounts of less than one-half of what they were formerly.

WHEREFORE, the Plaintiffs request the following relief against the Defendant from this Court:

1.    Liquidated damages for the wages unpaid because of the discriminatory acts in an amount of not less than $15,000.00.

8

2.   Interest accruing on such sums as the Plaintiffs are found to be entitled to as are liquidated at the rate of ten (10) percent per annum from the date each such sum becomes payable until paid in full.

3.   Reasonable attorney's fees and costs incurred by the Plaintiffs.

4.   For such other and further relief as the Court deems just.

(Violation of 42 USC § 12203, <u>et seq.</u> – Retaliation)

Count V

XX.

The Plaintiffs incorporate by reference the allegations contained in Paragraphs I-XIX of this Complaint.

XXI.

Pursuant to 42 USC § 12203 (a), it is unlawful for any person to discriminate against any individual who has opposed an act or practice made unlawful by this chapter because such individual made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this chapter.  The Defendant committed willful violation of this statute.  Alvaro filed a complaint with the EEOC on February 5, 2018.  On information and belief, the Plaintiffs allege that the Defendant had actual knowledge that a complaint by Alvaro was going to be filed.  On information and belief, Plaintiffs allege that the reason for Alvaro's summary termination was retaliation by the Defendant for his complaint to the EEOC.

. . .

. . .

XXII.

Pursuant to USC § 12203 (b), it is unlawful to coerce, intimidate, threaten or interfere with any individual in the exercise of or enjoyment of, on account of his or her having exercised or enjoyed, or on account of his having aided or encouraged any other individual in the exercise or enjoyment of any right granted or protected by this chapter.   The Defendant committed willful violation of this statute.   Alvaro filed a complaint with the EEOC on February 5, 2018.   The complaint was not dismissed at the request of Alvaro.   On information and belief, the Plaintiffs allege that the Defendant had actual knowledge that this complaint was going to be filed by Alvaro and that, at the request of the Plaintiffs, the complaint has not been dismissed.

WHEREFORE, the Plaintiffs request the following relief against the Defendant from this Court:

1.   Liquidated damages for the wages unpaid because of the discriminatory acts in an amount of not less than $15,000.00.

2.   Interest accruing on such sums as the Plaintiffs are found to be entitled to as are liquidated at the rate of ten (10) percent per annum from the date each such sum becomes payable until paid in full.

3.   Reasonable attorney's fees and costs incurred by the Plaintiffs.

4.   For such other and further relief as the Court deems just.

(Intentional Discrimination in Employment)

Count VI

XXIII.

The Plaintiffs incorporate by reference the allegations contained in Paragraphs I-XXII of this Complaint.

10

XXIV.

Pursuant to 42 USC § 1981a (b) (1), a complaining party may recover punitive damages if that party demonstrates that the respondent engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.  Numerous indications are apparent of reckless indifference to the Plaintiffs' federally protected rights.

XXV.

Pursuant to 42 USC § 1981a (b) (2) and (3), a complaining party may recover compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses against a respondent who has engaged in unlawful intentional discrimination.  The Plaintiffs suffered future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses because of the Defendant's conduct.

WHEREFORE, the Plaintiffs request the following relief against the Defendant from this Court:

1.  Punitive and compensatory damages in an amount to be shown at trial of not less than $15,000.00.

2.  Interest accruing on such sums as the Plaintiffs are found to be entitled to as are liquidated at the rate of ten (10) percent per annum from the date each such sum becomes payable until paid in full.

3.  Reasonable attorney's fees and costs incurred by the Plaintiffs.

4.  For such other and further relief as the Court deems just.

DATED this 25th day of July, 2018.

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARIZONA SENIOR CITIZENS LAW PROJECT


By s/ Pascal H. Goddard
   Pascal H. Goddard
   4146 North 12th Street
   Phoenix, Arizona 85014
   Attorney for Plaintiffs

12